FILED

UNITED STATES DISTRICT COURT
Eastern District of Virginia
Alexandria Division

2010 APR -9  P 3: 27

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

| | |
|---|---|
| JOSE LUIS MORALES,<br>JOSE ISREAL RIVAS ACOSTA,<br>HUGO CLAROS,<br>ARNULFO EXEQUIL CORTEZ,<br><br>and<br><br>REINA LOPEZ FAJARDO<br><br>Plaintiffs,<br><br>v.<br><br>ECONO COMMERCIAL PAINTING, LLC,<br><br>and<br><br>JAMES KIM,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:10 CV360 -GBL/TRJ |

Serve:  James Kim, in both his personal capacity and his capacity as President.
        Econo Commercial Painting, LLC
        6295 Edsall Road
        Suite 640
        Alexandria, Virginia 22312

## COMPLAINT

COME NOW Plaintiffs, by counsel, and move this Honorable Court for judgment

against Defendant, ECONO COMMERCIAL PAINTING, LLC ("ECONO"), and JAMES KIM

("KIM") based upon the failure of Defendants ECONO and KIM to pay overtime and straight

time compensation to Plaintiffs in violation of § 7 of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). In support thereof, Plaintiffs state as follows:

## A. JURISDICTION & VENUE

1. ECONO is a business that regularly engages in commerce, and its employees handle and use goods, which have moved in interstate commerce.

2. At all relevant times, ECONO has been and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

3. Plaintiffs are informed and believe and thereon allege that ECONO is a Virginia limited liability company with its principal place of business in the County of Fairfax.

4. At all relevant times, KIM has been and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(d). *See, e.g., Riordan v. Kempiners*, 831 F. 2d 690 (7th Cir. 1987).

5. Plaintiffs are all currently residing in Fairfax County, Virginia.

6. Plaintiffs have all been employed by Defendants at various times within the last 12 months.

7. At all relevant times, each and every one of the Plaintiffs was an "employee" as that term is defined by FLSA, 29 U.S.C. § 203(e).

8. This Court has jurisdiction to hear this action pursuant to FLSA, 29 U.S.C. § 216 (b), (c), which extends jurisdiction in FLSA cases to any state or federal court.

9. Venue is proper because Defendants maintain their principal place of business in Fairfax County, Virginia.

## B. STATEMENT OF FACTS

10. Defendants were aware that Plaintiffs were working overtime hours.

2

11. At all relevant times, Plaintiffs worked overtime hours in excess of forty (40) hours in a workweek, and Defendants willfully refused to compensate Plaintiffs at their overtime rate, in violation of the FLSA

12. The FLSA requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in excess of forty hours in one work week. This is commonly referred to as time-and-a-half pay for overtime work.

13. Despite working overtime, Plaintiffs were not paid time-and-a-half pay from Defendants for overtime worked.

## WILLFUL VIOLATION

14. On information and belief, Defendants willfully, deliberately, and intentionally refused to pay Plaintiffs for overtime actually worked.

15. Defendants led Plaintiffs to believe that their regular pay was paid in conformity with the FLSA.

16. Defendants knew, or should have known, that Plaintiffs were entitled to time-and-a-half overtime pay under the FLSA, during all relevant times.

17. At certain times material to this action, Defendants have fraudulently maintained that Plaintiffs were independent contractors and not employees, but at no time did Plaintiffs' duties or Defendants' control over Plaintiffs' work change, and at all times during their employment by Defendants, Plaintiffs occupied the legal status of employees with respect to Defendants.

18. Plaintiffs are therefore owed compensation for time-and-a-half overtime wages from Defendants, who willingly and knowingly withholds those wages.

## CAUSE OF ACTION
(Fair Labor Standards Act)

19. The foregoing paragraphs are included herein as though fully set forth herein.

20. During the period of time when Plaintiffs were employed by Defendants, they performed overtime work for which no compensation was paid, either at her regular or at her overtime rate, in violation of FLSA, 29 U.S.C. § 207(a)(1),(2).

21. Defendants' pay system was unilaterally imposed upon Plaintiffs.

22. Defendants' failure to properly administer a scheme of compensation, including but not limited to overtime compensation, violates the overtime provisions of the FLSA and the regulations thereunder.

23. As a result of Defendants' willful and knowing failure to properly compensate Plaintiffs, they have suffered substantial delays in receipt of wages owed and damages.

24. Pursuant to FLSA, 29 U.S.C. §§ 207, 216 (b), Defendants owe Plaintiffs compensation for their overtime work and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## *AD DAMNUM* CLAUSE

25. The foregoing paragraphs are included herein as though fully set forth herein.

26. Plaintiffs are entitled to unpaid wages, overtime, and liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b).

27. Plaintiffs are further entitled to an award of reasonable attorneys' fees, costs, and expenses.

WHEREFORE, Plaintiffs seek judgment against Defendants and pray as follows:

28. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;

29. That the Court issues a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the FLSA;

30. That the Defendants be enjoined from further violations of the FLSA;

31. That Plaintiffs recover unpaid wages, overtime, and liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b) and in amounts to be determined at trial;

32. That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses;

33. That the Court order the Defendants to make whole Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and,

34. That the Court award to Plaintiffs such additional relief as the interests of justice may require.


Respectfully Submitted,

JOSE LUIS MORALES,
JOSE ISREAL RIVAS ACOSTA,
HUGO CLAROS,
ARNULFO EXEQUIL CORTEZ,
REINA LOPEZ FAJARDO

By Counsel

Leiser, Leiser, & Hennessy, PLLC
By: Thomas F. Hennessy, Esq., VASB #32850
8229 Boone Boulevard, Suite 310
Vienna, Virginia 22182
TEL: (703) 734-5000
FAX: (703) 734-6000
*Counsel for Plaintiffs*