**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **JOSE LUIS MORALES,** *et al.* | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 1:10-cv-00360-GBL-TRJ |
| | ) |
| **ECONO COMMERCIAL PAINTING, LLC,** *et al.* | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## RULE 26(f) REPORT AND DISCOVERY PLAN

The parties to the above-captioned case, Plaintiffs Jose Luis Morales *et al.* and Defendants Econo Commercial Painting, LLC and James Kim, through undersigned counsel, have conferred regarding the matters addressed in Rule 26(f) and report to the Court as follows:

### I. Certification of Rule 26(f) Conference

At 9:00 a.m. on June 25, 2010, the parties conferred regarding the matters set forth in Rule 26(f). The parties have discussed the nature of the claims and have exchanged settlement offers; however, such settlement or resolution does not appear likely until at least some discovery has been completed.

The parties do not elect trial by a U.S. Magistrate Judge.

### II. Joint Rule 26(f) Discovery Plan

The parties propose the following discovery plan to ensure that all discovery will be conducted on or before December 10, 2010:

    A.    Timing Regarding Discovery.

        1.    The parties will exchange Rule 26(a)(1) disclosures on or before, July 21, 2010 in the nature prescribed by Rule 26(a)(1).

       2.     To the extent expert witness disclosures are not fully addressed by the parties' responses to discovery, the Plaintiffs shall identify expert witnesses in accordance with Rule 26(a)(2) on or before October 1, 2010; Defendants shall identify any rebuttal expert witnesses on or before November 1, 2010.

       3.     The parties do not propose any modification, at this time, of the discovery period or Final Pretrial Conference date set forth in the Court's June 11, 2010 Order. Discovery will close on December 10, 2010. The Final Pretrial Conference will be held on December 16, 2010.

    B.     The parties will conduct discovery on the subjects related to the issues in the Complaint and Answer. With the exception of the dates specified above regarding expert discovery, discovery need not be conducted in phases. As noted above, discovery will be completed by December 10, 2010.

    C.     The parties discussed disclosure and/or discovery of electronically stored information as required by Rule 26(f). The parties also discussed issues relating to privilege or protection of trial preparation materials as required by Rule 26(f)(3). The parties also discussed issues relating to the preservation of discoverable information. As pertains to discoverable information which may be in electronic format, counsel agreed as follows:

       (1)     The parties may request, in their document requests and other written discovery, that information stored in electronic form be produced in electronic form pursuant to the requirements and conditions described in Fed. R. Civ. P. 34. Absent an instruction to the contrary by a party seeking discovery, any requested information shall be produced in the standard hard-copy format or in a format that is reasonably accessible by the receiving party.

(2)   Absent an agreement of the parties, a party shall have no obligation to transfer information that is not stored in an electronic format into an electronic format for purposes of discovery.

(3)   Disclosure or production of electronically stored information will be limited to data reasonably available to the parties in the ordinary course of business.

(4)   The parties have discussed issues relating to the preservation of discoverable information and have taken steps to ensure such information is being preserved.

D.   The parties entered into no agreement concerning waiver of the attorney-client privilege or of the attorney work product protection.

E.   The parties are not aware of any factors at this time that would require a change in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the June 11, 2010 Order.  It is possible that either Plaintiffs or Defendants or both may request a change in limitations on discovery at a later time.

F.   The parties agree to seek an Order of the Court in the event that confidential proprietary or personnel information is required to be disclosed during discovery.

Date:   June 30, 2010

Respectfully submitted,                      Respectfully submitted,

    /s/*                                                  /s/
Thomas F. Hennessy                           Steven W. Ray
Virginia Bar No. 32850                       Virginia Bar No. 32320
Attorney for Plaintiffs                      Attorney for Defendants
Leiser, Leiser, & Hennessy, PLLC             ISLER DARE RAY RADCLIFFE & CONNOLLY, P.C.
8229 Boone Boulevard, Suite 310              1919 Gallows Road, Suite 320
Vienna, Virginia 22182                       Vienna, Virginia 22182
(703) 734-5000                               (703) 748-2690
(703) 734-6000 (facsimile)                   (703) 748-2695 (facsimile)
tfhennessy@leiserlaw.com                     sray@islerdare.com

*signed by Mark E. Papadopoulos with permission by Thomas Hennessy.

    /s/
Mark E. Papadopoulos
Virginia Bar No. 77508
*Attorney for Defendants*
Isler Dare Ray Radcliffe & Connolly, P.C.
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
Phone:  (703) 748-2690
Facsimile:  (703) 748-2695
mpapadopoulos@islerdare.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of June, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing to:

> Thomas F. Hennessy, Esq.
> Leiser, Leiser, & Hennessy, PLLC
> 8229 Boone Boulevard
> Suite 310
> Vienna, Virginia 22182

>     /s/
> Mark E. Papadopoulos
> Virginia Bar No. 77508
> Attorney for Defendants
> ISLER DARE RAY RADCLIFFE & CONNOLLY, P.C.
> 1919 Gallows Road, Suite 320
> Vienna, Virginia 22182
> (703) 748-2690
> (703) 748-2695 (facsimile)
> mpapadopoulos@islerdare.com